

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,099-01

### EX PARTE JOSHUA STOCKER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-15307-A-1 IN THE 47TH DISTRICT COURT
### FROM RANDALL COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of capital murder and the trial court automatically assessed punishment at confinement for life. TEX. PENAL CODE § 19.03(a)(2). The Seventh Court of Appeals affirmed his conviction in *Stocker v. State*, No. 07-05-00284-CR (Tex. App— Amarillo May 16, 2007)(not designated for publication).

Applicant contends, among other things, that the State violated *Brady v. Maryland*.[1] Applicant alleges that two of the co-defendants were granted use immunity agreements two years before his trial took place and that both witnesses were instructed to lie about the agreements. Applicant contends the prosecutor sponsored his investigator to lie about the existence of the agreements to bolster the testimony of the co-defendants through aggravated perjury.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Kimes*, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993); *Ex parte Weinstein*, 421 S.W3d 656, 664-65, 669 (Tex. Crim. App. 2014). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 169 Tex. Crim. 367, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. If the trial court determines he is not represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to whether Applicant suffered a *Brady* violation when the Use Immunity Agreements with the State's witnesses in this case were not disclosed; whether there is a reasonable probability that, had the Use Immunity Agreements been disclosed to the defense, the outcome of the trial would have been different; whether the State's witnesses, Tori Patrick and Guin Garcia, testified falsely that they did not have a Use Immunity Agreement with the State; and whether Patrick and Garcia were "critical" to the State's case. *See Ex parte Ghahremani*, 332 S.W.3d 470, 477 (Tex. Crim. App. 2011). The trial court shall also make any other

---

[1] 373 U.S. 83 (1963).

supplemental findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 25, 2018

Do not publish